## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHARTIS PROPERTY CASUALTY COMPANY, | : : : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 2:12-cv-4075 (WHW) |
| | : | |
| | : | |
| JOHN INGANAMORT and JOAN INGANAMORT, | : : | |
| | : | |
| Defendants. | : | |
| | : | |

**Walls, Senior District Judge**

Defendants John and Joan Inganamort move to dismiss or transfer this matter to the United States District Court for the Southern District of Florida under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a). Plaintiff Chartis Property Casualty Company ("Chartis") opposes the motion. Under Federal Rule of Civil Procedure 78, the Court denies the motion without oral argument.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves a coverage dispute under a marine insurance policy. The coverage dispute arises from an alleged September 15, 2011 partial sinking of Defendants' yacht while docked in Florida.

***The Policy***

Plaintiff Chartis issued Private Client Group Yacht policy number PM 134-13-12, effective May 16, 2011 to May 16, 2012 to John and Joan Inganamort (the "Policy"). *See* Declaration of Neil Mody ("Mody Decl."), Ex. A. The Policy was sent to Defendants at the Fort

**NOT FOR PUBLICATION**

Lee, New Jersey policy address. *Id.* The Policy insured Defendants' 65-foot, 1996 Sportfish vessel. *Id.* The yacht was berthed in Boca Raton, Florida, but was authorized to navigate "U.S. River, and inland waters, coastal waters and tributaries thereto of: the Atlantic Ocean and Gulf of Mexico including the Bahamas and Turks and Caicos Islands from 551 degrees North latitude (Newfoundland) to Brownsville, TX." *Id.* The waters of the State of New Jersey are included in this provision. *Id.*

### The Parties

Plaintiff Chartis is a Pennsylvania corporation with its principal place of business in New York, New York, and offices both in the United States and abroad. *See* Declaration of Matthew Roethke ("Roethke Decl.") ¶ 3. The claim is being handled from Chartis's Berkeley Heights, New Jersey office. *Id.* ¶¶ 4-15.

Defendants were personally served with the Summons and Complaint at their Gladstone, New Jersey home. ECF Nos. 4-5. Plaintiff Chartis alleges that the Inganamorts maintain at least one residence and one business in New Jersey, and that Mr. Inganamort maintains his offices in a high-rise apartment house he owns in Fort Lee, New Jersey, where he stores all of his records regarding the yacht at issue. *See* Opp. at 4. Defendants live in New Jersey from May 30 until November 1 each year, when they travel to another residence in Florida. Mody Decl., Ex C at 27-28; Mot. at 3.

### The Claim

On September 15, 2011, the Inganamorts' yacht alleged suffered a "partial sinking loss" while docked in Florida. Roethke Decl. ¶ 3. Plaintiff Chartis was informed of the alleged loss on October 14, 2011 by Defendants' insurance broker. *Id.* ¶ 5. On October 17, 2011, Plaintiff's employee, Matthew Roethke, sent a letter from New Jersey to Defendants, in New Jersey,

**NOT FOR PUBLICATION**

acknowledging the alleged loss, requesting information, and expressly reserving all rights under the Policy. *Id.*, Ex. B. On October 17, 2011, Roethke retained a marine surveyor, David Morris. Opp. at 5. Later, Mr. Morris wrote the Defendants' designated Yacht Captain, Brian Larosiere, confirming that the coverage claim would be handled by Mr. Roethke, who is located in New Jersey. Roethke Decl., Ex. C.

***Procedural History***

On July 2, 2012, Plaintiff Chartis filed this action against Defendants in the District of New Jersey. ECF No. 1. Chartis seeks declaratory judgment that coverage for the alleged loss is barred and/or limited (Count I); voidance and/or rescission of the Policy based on material representations (Count II); and the right to assert additional grounds for declaratory relief, misrepresentation and/or rescission of the Policy (Count III). *Id.*

Two weeks later, on July 16, 2012, Defendants filed a Complaint in Palm Beach County, Florida, which was subsequently removed on August 6, 2012 to the Southern District of Florida. *Inganamort v. Chartis Prop. Cas. Co.*, Civ. Action No. 9:12-cv-80832; Mody Decl. ¶ 6. Defendants are seeking an injunctive order directing Plaintiff to renew the Policy (Count I), and a declaratory judgment that Plaintiff breached the Policy (Count II). *See id.* Defendants subsequently filed a Notice of Voluntary Dismissal of Count I concerning the non-renewal of the Policy. Mody Decl., Ex. F.

In October 2012, the Southern District of Florida stayed proceedings in the Florida action, observing that "the New Jersey action was first-filed" and Defendants "have not demonstrated the compelling circumstances that would merit jurisdiction in this [Florida] Court over the district court of New Jersey." ECF No. 14, Ex. B.

NOT FOR PUBLICATION

## STANDARD OF REVIEW

### *Improper Venue*

To survive a motion to dismiss for improper venue, the plaintiff must make a prima facie showing of venue. *Bonomo v. Citra Capital Mgmt*, LLC, No. 2:11-04409 (WHW), 2012 WL 2839370, at *3 (D.N.J. July 9, 2012). Where jurisdiction is founded only on diversity of citizenship, venue is proper in:

(1) A judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S .C. § 1391(c).

### *Transfer of Venue*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). To transfer an action under Section 1404(a), venue must be proper both in the transferor court and the transferee court. *Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F. Supp. 2d 349, 357 (D.N.J. 1998). The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). "[T]he decision to transfer must incorporate all relevant factors to determine whether on balance the litigation would more conveniently proceed

**NOT FOR PUBLICATION**

and the interests of justice be better served by transfer to a different forum." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 498 (D.N.J. 1998) (quotation marks and citation omitted).

A court balances private and public interests when deciding to transfer venue. *Jumara*, 55 F.3d at 879. Private interests include a plaintiff's choice of forum, a defendant's preference, convenience of the parties, convenience of witnesses, and the location of books and records. *Id.* The public interests include, *inter alia*, enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative court congestion, and public policies of the fora. *Id.* at 879-80.

The Third Circuit Court of Appeals has adopted the first-to-file rule, which states that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) (quotation marks and citation omitted). Its primary purpose is to "avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *Id.* at 977 (quotation marks and citation omitted). Although exceptions to the rule are rare, it is not a "rigid or inflexible rule to be mechanically applied." *Id.* at 976-77 (quotation marks and citation omitted). Rare or extraordinary circumstances, inequitable conduct, bad faith, and forum shopping are proper bases upon which a court may decline to apply the first-to-file rule. *Id.* at 976.

## DISCUSSION

### *Improper Venue*

Defendants make no arguments to support their motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Hence, this Court will focus its analysis on the Inganamorts' motion to transfer this action to the Southern District of Florida under 28 U.S.C. § 1404(a). Regardless, as a starting point, venue is undoubtedly proper in the District of New

**NOT FOR PUBLICATION**

Jersey. In a federal civil action, venue is proper in any judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(a)(1). No party disputes that the Inganamorts spend half of the year living at their residence in New Jersey. Furthermore, they were personally served at that residence. On this basis alone, venue is proper in the District of New Jersey. 28 U.S.C. § 1391(a)(1).

*Transfer*

Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought* …." (emphasis added). A case may only be transferred to a court with both proper venue and subject matter[1] and personal jurisdiction[2] over all parties. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970).

The Third Circuit has identified certain public and private interests that a court should consider in determining whether to transfer a case under 28 U.S.C. § 1404(a). *Jumara*, 55 F.3d at 879. The private factors include:

> [P]laintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The public interest factors include:

---

[1] This Court has subject matter jurisdiction over this admiralty action pursuant to 28 U.S.C. § 1333. *See Intermetals Corp. v. Hanover Int'l Aktiengesellschaft Fur Industrieversicherungen*, 188 F. Supp. 2d 454, 457 (D.N.J. 2001) ("The dispute before us involves a contract of marine insurance and therefore lies within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333.")

[2] The parties do not dispute that they are subject to the personal jurisdiction of the New Jersey District Court.

**NOT FOR PUBLICATION**

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80.

The private interest factors here do not support transfer to the Southern District of Florida. The Plaintiffs' preferred forum is the district of New Jersey, and this preference is entitled to substantial deference. *Jumara*, 55 F.3d at 880; *see Dagostino v. Sally's Las Vegas*, No. 11-cv-02618, 2011 WL 5599859, at *3 (D.N.J. Nov. 17, 2011) ("The plaintiff's forum preference is given great weight regardless of his personal circumstances.") Defendants argue that the Southern District of Florida would be convenient because they reside most of the year in Florida, their counsel is in Florida, and Chartis does substantial business in Florida. Mot. at 13. Chartis responds that the District of New Jersey is convenient to both parties given that Defendants were served in the State, and that the insurance claims at issue are being handled through its Berkeley Heights, New Jersey office. Opp. at 18. This Court agrees with the Plaintiff – with the observation that Defendants spend nearly half of the year in New Jersey. It follows that travel to New Jersey places no special burden on Defendants.

While some potential witnesses may be located in Florida, the principal witnesses in this case will likely be Defendants, and possibly the Chartis claims handlers responsible for this claim, all of whom reside and/or maintain offices in New Jersey. Opp. at 18-19. Additionally, Defendants have not shown that any potential witness, assuming they are located in Florida, would be outside this Court's subpoena power or could not otherwise be made available for trial here. *Id.* at 19; Mot. at 13; *Omega Fin. Servs. v. Innovia Estates & Mortgage Corp.*, No. 07-1470, 2007 WL 4322794, at *2 (D.N.J. Dec. 6, 2007) ("However bothersome, the parties' private

**NOT FOR PUBLICATION**

interest in convenience generally weighs in favor of the moving party only if witnesses or documents might be unavailable in a given forum.")

Finally, Defendants argue that the main sources of proof are all located in Florida. Mot. at 14 ("The vessel, the dock, and the waters in question are in Florida, and cannot be transported for any reason to New Jersey.") This case involves an insurance dispute, and the main sources of proof are likely documents, the majority of which are located at Chartis's New Jersey office. Mr. Inganamort also previously stated that documents relating to his yacht are located in his Fort Lee, New Jersey offices. Opp. at 20. The Court can envision no reason why a Floridian dock or water would be required "in person," or, if they are, the Gulf Stream is a possible method of transportation. As Plaintiffs rejoin, all parties "have had opportunities to inspect the vessel and surrounding area, which inspections have been reduced to reports, photographs, and/or repair estimates." Opp. at 20.

Defendants similarly fail to demonstrate that the public interest factors support transfer of this action to the Southern District of Florida. This District has legitimate public interests in this case given that it concerns the transaction of marine insurance business in New Jersey. That the alleged loss took place in Florida is simply a fortuitous accident given that Defendants' yacht could just have easily suffered a loss in any one of the Atlantic coast states. *See* Opp. at 19.

Furthermore, courts in this District have an interest to protect the contractual rights of New Jersey residents. *Apollo Techs. Corp.*, 805 F. Supp. at 1186-87. The "relative congestion of the respective courts' dockets is also not a factor of great importance" on a motion to transfer. *Clark v. Burger King*, 255 F. Supp. 2d 334, 340 (D.N.J. 2003).

As for choice of law, this Court is equally well-equipped to decide the legal issues pursuant to federal admiralty law. Without undergoing any choice of law analysis, Defendants

**NOT FOR PUBLICATION**

presume that Florida state law would also apply – an issue that is not appropriate for this Court to reach at this time. *See* Mot. at 16. Finally, Defendants have not shown that it would be difficult to enforce a judgment entered by the District of New Jersey. Defendants concede this point, noting that "[a]ny money judgment would inure only to the benefit of the insureds, who anticipate being able to collect on the judgment regardless of the jurisdiction." Mot. at 15.

In the recent, very similar case, *Standard Fire Ins. Co. v. Cesario*, this Court found that the plaintiff insurer's decision to file in New Jersey should be given great deference, particularly because the policyholder maintained a residence in New Jersey. No. 11-7012 (WHW), 2012 WL 893088, at *1 (D.N.J. March 14, 2012). This Court also observed that the coverage action "arose" in New Jersey, even though the loss took place in Florida and some documents and witnesses were located there. *Id.* at *3. Finally, this Court noted that public interest factors did not support transfer to the Southern District of Florida, because Florida lacked a greater interest in the marine coverage dispute and judicial economy would not be improved by transferring there. *Id.* at *4.

The denial of transfer is further supported by the Southern District of Florida's recent observation that Defendants "have not demonstrated the compelling circumstances that would merit jurisdiction in this [Florida] Court over the district court of New Jersey," and its stay of proceedings in the related action. ECF No. 14, Ex. B.

***First-to-File Rule***

The first-to-file rule gives preference for venue in the state in which the first of two identical lawsuits are filed. *EEOC*, 850 F.2d at 971. The Court finds that the first-to-file rule is applicable here given the overlapping subject matter. *Ivy-Dry, Inc. v. Zanfel Labs*, Civ. No. 08-4942, 2009 WL 1851028 (WHW), at *5 (D.N.J. June 24, 2009). The parties do not dispute that

**NOT FOR PUBLICATION**

the parties and claims are identical in the two actions. But Defendants contend that Chartis filed suit in New Jersey in bad faith to preempt Defendants' choice of venue. Mot. at 15. The Third Circuit has recognized the bad faith exception to the first-to-file rule. *EEOC*, 850 F.2d at 976.

Here, the alleged fact that Chartis knew that Plaintiffs intended to file suit in Florida at some unspecified future time does not in and of itself demonstrate bad faith. Mot. at 9. Third Circuit courts have declined to find bad faith when "litigation was in the air," but no definite date had been set. *Keating Fibre Int'l, Inc. v. Weyerhaeuser Co., Inc.*, 416 F. Supp. 2d 1048, 1052 (E.D. Pa. 2006) ("In this case, while Weyerhaeuser and Keating were engaged in discussions and while Keating did suggest that it would resort to legal action should the parties not reach an amicable resolution, there was no deadline set for such action."); *IMS Health, Inc. v. Vality Tech. Inc.*, 59 F. Supp. 2d 454, 464 (E.D. Pa. 1999) (distinguishing *EEOC* where a deadline had been set from a case in which "litigation was in the air" and declining to find bad faith in the latter).

## CONCLUSION

Defendants' motion to dismiss this action for improper venue or, in the alternative, transfer to the Southern District of Florida is denied. Because venue is proper in the District of New Jersey, the Inganamorts can only seek discretionary transfer under 28 U.S.C. § 1404(a). Discretionary transfer to the Southern District of Florida is inappropriate because Plaintiff's chosen forum is entitled to deference and the Inganamorts have failed to demonstrate that the private and public interest factors support their motion to transfer.

December 19, 2012

**/s/ William H. Walls**
United States Senior District Judge
