## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHARTIS PROPERTY CASUALTY COMPANY, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 2:12-cv-4075 (WHW) |
| | : | |
| | : | |
| JOHN INGANAMORT and JOAN INGANAMORT, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**Walls, Senior District Judge**

Defendants John and Joan Inganamort move for reconsideration of this Court's December 19, 2012 Opinion and Order denying Defendants' motion to dismiss or transfer the matter to the United States District Court for the Southern District of Florida. Plaintiff Chartis Property Casualty Company ("Chartis") opposes the motion. Under Federal Rule of Civil Procedure 78, the Court denies the motion without oral argument.

### FACTUAL AND PROCEDURAL BACKGROUND

A detailed factual and procedural background is set forth in this Court's December 19, 2012 Opinion, and need not be repeated. ECF No. 21. A brief procedural history follows to provide context to this motion.

On July 2, 2012, Plaintiff Chartis filed a declaratory judgment action against Defendants in this Court. ECF No. 1. On July 16, 2012, Defendants filed a related suit in Florida State Court, which was removed on August 6, 2012 to the Southern District of Florida. Decl. of Neil V. Mody in Opp. to Defs' Mot. to Dismiss and/or Transfer, Ex. D. On August 13, 2012, Chartis

NOT FOR PUBLICATION

filed a motion in the Southern District of Florida to dismiss and/or stay the Florida action pursuant to the first-to-file rule. *Id.*, Ex. E. The Honorable Donald Middlebrooks subsequently stayed the Florida action in favor of the New Jersey case. October 16, 2012 Letter from Chartis, Ex. B (ECF No. 14-2).

On August 22, 2012, Defendants filed a motion in this Court to dismiss and/or transfer venue to the Southern District of Florida. ECF No. 7. This Court denied the motion on December 19, 2012. ECF Nos. 21-22. On January 2, 2013, Chartis filed a motion in the Southern District of Florida to lift the stay and dismiss the Florida action as a result of this Court's ruling. Decl. of Neil V. Mody in Opp. to Defs' Mot. for Recon., Ex. C. On February 1, 2013, Chartis filed a subsequent motion to dismiss the Florida action by default since Defendants failed to respond to the earlier motion. *Id.*, Ex. D. On February 19, 2013, Defendants opposed both of Chartis' motions on the ground that they planned to file a motion for reconsideration of this Court's December 19, 2012 Opinion and Order. *Id.*, Ex. E. The motion for reconsideration was filed with this Court on February 20, 2013.[1] ECF No. 24. Chartis opposed on March 11, 2013. ECF No. 25. On March 14, 2013, the Honorable Donald Middlebrooks lifted the stay and dismissed Defendants' Florida Complaint. *Inganamort v. Chartis Property Casualty Co.*, Case No. 12-80832 (S.D. Fla. Mar. 14, 2013) (ECF No. 27).

**STANDARD OF REVIEW**

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief

---

[1] Defendants bring the motion under Federal Rules of Civil Procedure 59(e) and 60(b). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Rule 60(b). *Id.* In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.*, Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah*, 351 F. Supp. 2d 295, 297 (D.N.J. 2005)). *See also Sunkett v. Nat'l Gypsum Co.*, Civ. No. 09-0721, 2012 WL 4508139, at *1 (D.N.J. Sept. 28, 2012).

**NOT FOR PUBLICATION**

setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked." A motion for reconsideration must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)).

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests are to be granted "sparingly" and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608-09 (D.N.J. 2003); *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

**DISCUSSION**

This motion for reconsideration is, without a doubt, untimely. Local Civil Rule 7.1(i) allows a party to seek reconsideration within 14 days after entry of judgment. Judgment was entered December 19, 2012, but the Inganamorts did not file this motion for reconsideration until February 20, 2013. This motion was filed approximately **sixty-three days** after the entry of the judgment. Defendants did not seek leave of this Court to file a delayed motion for

3

**NOT FOR PUBLICATION**

reconsideration, nor was any reason given for this extreme tardiness. *See XL Specialty Ins. Co. v. Westmoreland Coal Co.*, 2006 U.S. Dist. LEXIS 54233, *4 (D.N.J. Aug. 4, 2006) ("Defendant failed to offer an explanation regarding why they failed to file their motion in a timely fashion . . . [t]his alone is sufficient to deny Defendant's motion"). It follows that this motion is denied on the basis of untimeliness. Regardless, Defendants' motion also fails on the merits.

As Plaintiff highlights in its Opposition, the vast majority of Defendants' brief in support of its motion was copied verbatim from their initial moving papers. Opp. at 2. There has been no intervening change in the controlling law. *See North River Ins. Co.*, 52 F.3d at 1218. Instead, Defendants first argue that new evidence is available, and submit a physician's affidavit in support of their motion. *See* Affidavit of Oliver R. DiPietro, M.D. (ECF No. 24-2). The affidavit states that Mr. Inganamort "should be absolutely prohibited from traveling to Newark for any purpose. The specific reasons are as follows: diabetes, diabetic polyneuropathy; urge incontinence; severe osteoarthritis." *Id.* ¶ 4.

But the same affidavit states that Defendants continue to travel to and reside in New Jersey for approximately half of the year. *Id.* ¶ 7. Plaintiff Chartis also notes that it has "repeatedly agreed (and remains willing) to accommodate these issues, including by offering to take witness testimony in Florida, and by crafting a scheduling order around Defendants' travel schedule." Opp. at 2. Finally, this evidence is far from new given that arguments regarding Mr. Inganamort's poor health were made in the opening round of briefing.

Second, Defendants argue that this Court failed to apply the first-filed rule articulated by the Third Circuit in *EEOC v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988). Defendants apparently neglected to read the Court's December 19, 2012 Opinion, given that the first-filed rule, and the *EEOC* case, is discussed first on page 5, and then again on pages 9-10.

**NOT FOR PUBLICATION**

That Defendants do not agree with this Court's conclusion does not constitute a ground for reconsideration.

### CONCLUSION

As well as untimeliness, Defendants' disagreement with this Court's previous decision and apparent desire to "rehash arguments already raised and rejected," *Krishanthi v. Rajaratnam*, Civ. No. 09-5395, 2011 WL 1885707, at *2 (D.N.J. May 18, 2011), are meritless grounds for reconsideration. It follows that Defendants' motion for reconsideration is denied.

April 4, 2013

**/s/ William H. Walls**
United States Senior District Judge